Dorjee v. Holder

BIA
Nelson, IJ
A089 198 359

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand fifteen.

PRESENT:
> REENA RAGGI,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
>     *Circuit Judges.*

_____

URGEN DORJEE, AKA URGEN TENZIN,
>     *Petitioner,*

> v.                                          13-4524
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:          Jason A. Nielson, Mungoven & Associates, P.C., New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Luis E. Perez, Assistant

**Director; W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Urgen Dorjee, a native of Tibet and citizen of China, seeks review of a November 4, 2013, decision of the BIA, affirming the June 4, 2012, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Urgen Dorjee*, No. A089 198 359 (B.I.A. Nov. 4, 2013), *aff'g* No. A089 198 359 (Immig. Ct. N.Y.C. June 4, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, and

inconsistencies in his statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Dorjee was not credible.

The IJ found that Dorjee was not credible in part because his testimony describing the anti-Chinese posters that led to his alleged persecution differed from the description he provided in his application.  Dorjee testified that the posters contained no photographs; instead, the posters contained only words and phrases, handwritten by him.  In his application, however, he alleged that he was persecuted for distributing pictures of the Dalai Lama and Tibetan flag.  The record supports this inconsistency and calls into question the single instance of persecution he alleges: his arrest, beating, and detention for distributing anti-Chinese posters.  *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294-95 (2d Cir. 2006).  Dorjee explained that the erroneous description of the posters was the fault of the person who prepared the asylum application.  While this explanation may be plausible, it is not one that the IJ was compelled to accept.  *See Majidi v.*

3

*Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The demeanor finding provides additional support for the credibility determination. The record supports the IJ's conclusion that Dorjee's testimony was, at points, vague and nonresponsive. "We give particular deference to credibility determinations . . . based on . . . demeanor, in recognition of the fact that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). In his brief, Dorjee offers an alternative view of his demeanor; rather than evasive and nonresponsive, he argues he was "contemplative" and points to his use of a translator. He later argues that "any perceived evasiveness" stemmed from the fact that he "is a nomad with no formal education." These explanations do not compel us to find error in the demeanor finding. Dorjee's education or nerves provide inadequate explanation, particularly as the questions asked related to his personal experiences which were set forth in his written application. *See Majidi v. Gonzales*, 430 F.3d at 80-81.

Given the inconsistency related to the sole allegation of persecution, and the demeanor finding to which we defer, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d at 167. Because the only evidence of a threat to Dorjee's life or freedom relied on his credibility, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5